1-2-0-4 in Re Tsui The sole issue disputed here is how to interpret the claim limited to the interpretation insulated electrode. The board of PTO interpreted to mean any electrode as long as it has any part insulated. This interpretation is a reversible error for three reasons I'm going to talk about. Can I ask you just to confirm this with me, maybe the PTO will also. You have a position that says you think that the scope of this claim term is such that the electrode has to be insulated so as to prevent direct exposure to the reaction chamber. Yes. You could, could you not, and this is the question, still file a continuation application to make a claim with that language in it? No, because I think the opposing counsel also suggested that we might have to recite that the electrode is fully insulated from the reaction chamber. But that, if you apply the same interpretation of the board, is still anticipated because that part, that the end was insulated by some insulated material, is also fully insulated from the reaction chamber. So that wouldn't work. Well then why is the claim construction dispute that we have in front of us material to the outcome? Why don't you, why should we be deciding a debate about whether you or whether your proposed claim construction is the right one if I think you just said that the claims would still be rejected for anticipation on the same reference? I may not get your question correct, but let me just rephrase this. If according to the recitation that says the electrode is fully insulated from the reaction chamber, that would not work. But that is not our proposed interpretation. Our interpretation is just according to the specification. The electrode is covered by insulating material that provide fundamental current limiting action. That means the insulating material will prevent the electrode from conducting electricity. Okay, well then I'll just ask my question about could you not take that claim construction, the one you just articulated, file a continuation application, this proceeding I think is still pending as I understand the NPEP, and proceed to try to get that claim? I think that may, but this case already in the board twice, and each time they come with different reasons. But let me just say not only that, I think this PTO's construction is totally incorrect, which not only applies to this case and all the other cases. I just want to bring to my first point. Let me just be clear. Was your answer to Judge Toronto, yes, you could file a continuation on that? I could file a continuation by modifying as I proposed. Now, the reasonableness is that essentially the PTO does is to inject additional wording into the claim limitation so that it comprises there. So insulated electrode comprises an insulated part, and I think that injection of additional meaning is not warranted, it's not supported at all. So the second reason, it is unreasonable interpretation. For reason, if using the same logic of the interpretation, one may construe a healthy person would include a person with lung cancer because his feet is healthy. Or one may also construe black cars would also include white cars because the tires are black. So this is not how adjectives are used in the language. Essentially, they inject comprising into this adjective, which makes no sense and makes the claim drafting a whole lot less difficult. And the third point I want to make is this construction is a total disregard of the specification. The specification specifically described the electrode must be covered with insulated material that provides fundamental current limiting action. And the board not even considered the specification. So this is the three points. First, it's not supported. Why inject additional wording in there? Second, it is unreasonable by how the adjective was used in the language. And the third is contradicting to the specification. If you don't have further questions, I will resolve my time for rebuttal. May it please the court. The board properly construed the term insulated electrodes to include electrodes that are partially covered by insulation. The plain language of the term insulated electrodes does not specify how much insulation an electrode has or what the electrode is insulated against. The specification here does not offer any specialized definition of the term and does not disclaim this plain meaning. Instead, it also broadly recites insulated electrodes and also includes embodiments where just one side of the electrode is insulated. For these reasons, the board properly found that the Lance reference anticipates the claim. Can I just ask you the same question I asked? Yes, I was about to address that. Certainly, this is a pending application and the applicant could amend. And it's pending, do I understand correctly, until the date that our mandate were to issue if we were to affirm? I think that's correct for a continuation. And then an RCA could also be an option even if this board, sorry, your honor, I apologize, even if this court were to, even after the mandate, were to issue. Even after? Well, then a continuation is not. It shows the appeal route rather than the request. Then a continuation is no longer permitted. But your honor, I'm fairly sure at that point an RCA is. And I could confirm if your honor would like me to get back to you on that point. But I think at that point they could still file an RCA because this came up in another case. And my recollection was that they could file an RCA even. It's a little bit. We would have to not object to them filing an RCA according to our internal rules. But I think they could still do it even after the mandate. And? And, oh, no, we would not object. Cool. You would not object. But I think that helps illustrate why in this, especially in this case where there is simply an application, why the Broadest Reasonable Interpretation standard matters. Because the application, the applicant can amend, could have amended and can still amend. And could amend before this, you know, before this court reaches a verdict and mandate issues even. To the extent that it's a concern of whether or not amendment would be allowed after mandate issues in some form through an RCE or a new application or what have you. Some of the analogies. Adjectives are typically relative. Salted bread is still salted if even the crust is salted. A black car, if a black car has a white stripe. Well, is it? It might read on a either either a claim to a white car or a black car. And beyond that, Your Honor, I think unless this court has any additional questions. Thank you. I just wanted to add about regarding the continuation of RCE. The reason is we need the court to set a standard for the claim interpretation. And whether, as you said, the electrode, insulated electrode should be construed as a electrode comprises insulated part, which is essentially what the PTO does here. And it is also direct for further cases, whether we decided to advise client whether to modify the claim or we said this technical term is more accurate. And the second thing I would like to add is that we had the expert testimony and he testified that if you have an electrode on it has one end insulated, which in no sense, no person with the basic knowledge there would have construed that as an insulated electrode. And that testimony is not refuted by anyone. So for that, I would ask this court to make a decision whether how to construe the similar things like that. Insulated electrode or next time a black car or next time a healthy person, how are we going to deal with that? Whether we have to provide every limitation, which is clear, no ambiguity to any person skilled in the arts. We have to subject to continuously modify the definition as long as the examiner wants and we have to do that. And I would respectfully ask the court to reverse the interpretation. Thank you.